UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 15-14037-GAO

INGRID PERSSON,
Plaintiff,

v.

BOSTON UNIVERSITY,
Defendant.

ORDER
April 20, 2016

O'TOOLE, D.J.

The plaintiff, Ingrid Persson, appearing pro se, has filed a Complaint generally alleging employment discrimination and retaliation by her former employer, the defendant, the Trustees of Boston University.[1] The defendant has filed a motion for a more definite statement, arguing that the Complaint is "so vague or ambiguous that [it] cannot reasonably prepare a response." See Fed. R. Civ. Pro. 12(e).

The Complaint is problematic in some respects. Its paragraphs are not individually numbered, nor are they all limited "as far as practicable to a single set of circumstances." See Fed. R. Civ. Pro. 10(b). The Complaint also omits a formal listing of counts.

However, pleadings filed by pro se parties are generally given a liberal construction. See Rodi v. S. New Eng. Sch. of Law, 389 F.3d 5, 13 (1st Cir. 2004); see also Erickson v. Pardus, 551 U.S. 89, 94 (2007) ("[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." (citation omitted)). While the

---

[1] The Complaint calls the defendant "Boston University." The defendant uses the "Trustees of Boston University."

plaintiff appears to have some legal training, she asserts that she has never practiced as an attorney.

Motions for a more definite statement are disfavored, and find their greatest efficacy when the challenged complaint is truly unintelligible, rather than merely lacking detail. See Aware, Inc. v. Centillium Commc'ns, Inc., 604 F. Supp. 2d 306, 313 (D. Mass. 2009).

Here, while the complained-about actions could have been more clearly articulated, they give the defendant general notice of the claims against it. It is fairly clear that the plaintiff at minimum complains that she was retaliated against by the defendant after she complained of employment discrimination on account of race and regulatory abuses. She also appears to outline a claim under the Family and Medical Leave Act.

It is not altogether clear whether the plaintiff is pursuing both state and federal remedies. Federal question jurisdiction is invoked. (See Compl. 1 (dkt. no. 1).) According to the Complaint, the plaintiff's right to sue letter from the Equal Employment Opportunity Commission addressed both state and federal law claims. Construing the Complaint liberally then, both sovereigns' laws are at issue here.

The defendant has notice of the general scope of this litigation, limited to the employment discrimination, retaliation, and medical leave claims of one of its employees. The defendant's Motion to Compel Plaintiff to File a More Definite Statement of Her Claims (dkt. no. 10) is DENIED.

The clerk shall set a scheduling conference. Considering the plaintiff's current residence in California, she may arrange with the clerk to appear by telephone at the conference.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.  
United States District Judge